FILED
MARCH 4, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 1306

JUDGE COAR
MAGISTRATE JUDGE COLE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, <br><br> and <br><br> MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> MASONRY STRUCTURES, INC., <br><br> Defendant. | Case No.: <br><br> Judge: |

## COMPLAINT

Plaintiffs MIKE SHALES, JOHN BRYAN, Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH and WELFARE FUND ("Welfare Fund") and MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, by way of their complaint against Defendant MASONRY STRUCTURES, INC., state as follows:

**COUNT I**
**FAILURE TO PAY EMPLOYEE BENEFIT FUND CONTRIBUTIONS AND**
**FAILURE TO PAY INDUSTRY FUND CONTRIBUTIONS**
**MASONRY STRUCTURES, INC.**

1. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3) and (37A). The Trustees and the Funds maintain offices and conduct business within this district. The Funds are agents for the purpose of collecting employer contributions required to be paid on behalf of the Apprentice Fund, the Chicago Area Independent Construction Association Industry Fund, the Safety Fund and CISCO Fund, (collectively, "the Affiliated Organizations").

2. Defendant MASONRY STRUCTURES, INC. (herein "Defendant Company"), is an Illinois corporation that does business within this district and is an employer within the meaning of ERISA Section 3(5), 29 U.S.C. §1002(5), and Section 101 of the Labor Management Relations Act ("LMRA"), 29 U.S. C. § 152(2).

3. Jurisdiction and venue are vested in this Court under ERISA Sections 502(e)(1) and (2), 29 U.S.C. §1132(e)(1) and (2), and LMRA Sections 301(a) and (c), 29 U.S.C. §185(a)&(c).

4. The Construction and General Laborers' District Council of Chicago and Vicinity ("District Council") is a labor organization within the meaning of the LMRA Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

5. The District Council and the Defendant Company are now and at all relevant times have been parties to successive collective bargaining agreements (herein "Agreement"), which obligate the Defendant Company to make monthly contributions to the Funds on behalf of its employees covered by the Agreement for health and welfare, pension benefits and for deductions and

contributions for the Affiliated Organizations; the Agreement also requires the Defendant Company to submit monthly remittance reports in which the Defendant Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions remitted to the Funds and the Affiliated Organizations on behalf of each covered employee.

6. Pursuant to the Agreement, the Defendant Company must also pay contributions for each hour worked by its employees to the Affiliated Organizations. The Defendant Company is required to remit contributions for the Affiliated Organizations along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay an additional 10% in liquidated damages and all costs of collection, including reasonable attorneys' fees, and court costs.

7. Pursuant to the Agreement, the Defendant Company must also pay contributions for each hour worked by its employees to the Funds. The Defendant Company is required to remit contributions for the Funds along with a remittance report. Employers who fail to report and/or remit contributions are liable to pay interest on the delinquent contributions, an additional 10% in liquidated damages, which increases to 20% once a lawsuit is filed, and all costs of collection, including reasonable attorneys' fees, and costs.

8. Notwithstanding its obligations under the Agreement, the Defendant Company has failed to timely report and pay contributions owed to the Funds and the Affiliated Organizations from August 2007 and continuing through the present, thereby depriving the Funds and the Affiliated Organizations of contributions, income and information needed to administer the Funds, and jeopardizing the welfare and pension benefits of participants and beneficiaries.

9. Since at least August 2007, the Defendant Company has employed employees who performed work covered by the Agreement.

10. On or about February 1, 2008, the Defendant Company made a partial payment of $3,952.95 for the contributions owed for August 2007 and September 2007; however, no payment was made for the interest and liquidated damages owed for those untimely remittances or contributions owed for every subsequent month.

11. All conditions precedent to requiring the timely payment of contributions and submission of reports to the Funds have been met.

12. The Defendant Company's failure to make timely reports and contributions violates ERISA Section 515, 29 U.S.C. §1145, and LMRA Section 301, 29 U.S.C. §185.

13. Under ERISA Section 502(g)(2), 29 U.S.C. §1132(g)(2), the terms of the Agreement, and the Funds' governing trust documents, the Defendant Company is liable to the Funds for unpaid contributions, interest, liquidated damages in the amount of 20%, and reasonable attorneys' fees and court costs.

14. The Defendant Company's obligations under the Agreement are continuing, and for each month it continues to be delinquent, contributions will be due and owing to the Funds and interest on the unpaid contributions will continue to accrue until payment is made.

15. Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the Agreement, and the Affiliated Organizations' governing trust documents, the Defendant Company is liable to the Affiliated Organizations for unpaid contributions, interest, liquidated damages in the amount of 10%, and reasonable attorneys' fees and court costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request a judgment against MASONRY STRUCTURES, INC., as follows:

1. Finding that MASONRY STRUCTURES, INC., violated the Agreement;

2. Finding that MASONRY STRUCTURES, INC., is liable to the Funds and Affiliated Organizations for the delinquent contributions owed to date, interest, liquidated damages, attorneys' fees and court costs;

3. Ordering MASONRY STRUCTURES, INC., to pay to Plaintiffs all delinquent contributions to date, all accrued delinquencies prior to and after the filing of this suit, interest and liquidated damages;

4. Ordering MASONRY STRUCTURES, INC., to pay to Plaintiffs all reasonable attorneys' fees and costs incurred in pursuing collections; and

5. Granting all such other legal and equitable relief as the Court deems just and proper.

## COUNT II
## BREACH OF LABOR AGREEMENT
## FAILURE TO POST BOND
## MASONRY STRUCTURES, INC.

16. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 15 of Count I as paragraphs 1 through 15 of Count II.

17. District Council is an unincorporated labor organization, commonly known as a labor union, that maintains its principal offices in this district.

18. Defendant MASONRY STRUCTURES, INC. (the "Defendant Company"), is a corporation that maintains offices and conducts business within this District.

19. The Defendant Company is a signatory to the Joint Agreement (the "Agreement") between the Chicago Area Independent Construction Association and the District Council.

20. Article 6 of the Agreement provides that all employer-signatories to the Agreement must procure, carry and maintain a surety bond in an amount satisfactory to the District Council, but not less than the sum of $5,000.00 to guarantee the payment of wages as well as Pension and Welfare Trust contributions, during the terms of the Agreement. The bond is to be placed in the custody of the Funds.

21. Pursuant to the Agreement, the amount of the bond is based on the size of the employer's work force and is graduated up for employers with seven or more bargaining unit employees.

22. The form of the bond that is required by the Funds is attached as Exhibit A.

23. In accordance with the Agreement and based on its workforce, the Defendant Company is required to post a bond in the amount of $5,000.00.

24. Paragraph 3 of Article 6 of the Agreement provides that if an employer fails to provide a bond as required, it is required to pay all of the costs, including attorneys' fees, incurred in seeking the compel the bond.

25. On or about January 28, 2008, the Funds' attorneys notified the Defendant Company by letter that it was required to provide a bond in accordance with the contract.

26. Notwithstanding its obligation to do so and the notifications from the Funds' attorneys, the Defendant Company has failed to abide by the terms of the Agreement or has failed to comply with alternative arrangements .

27. Failure to post a bond constitutes a breach of the Defendant Company's collective bargaining agreement, and puts the Funds, the District Council and its

members, at risk that obligations owed by the Defendant Company will not be met because the security required by the contract is not available.

WHEREFORE, based on Count II of this Complaint, Plaintiffs respectfully request this Court to enter judgment against Defendant MASONRY STRUCTURES, INC., as follows:

1. Ordering it to obtain and provide the Plaintiffs with a $5,000.00 bond in the form provided in Exhibit A or, in the alternative, to provide a payment to Funds in the amount of $5,000.00 to be held as a cash bond;

2. Ordering it to reimburse the Plaintiffs for all legal fees and costs incurred in pursuing this action; and

3. Granting such other relief as this Court deems just and proper.

Respectfully submitted,

/s/LaKisha M. Kinsey-Sallis
LaKisha M. Kinsey-Sallis
One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steve W. Jados
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
(312) 372-1361