IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH AND WELFARE FUND, <br><br> and <br><br> MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> MASONRY STRUCTURES, INC., <br><br> Defendant. | Case No. 08 C 1306 <br><br> Judge Coar <br><br> Magistrate Judge Cole |

**PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**

Plaintiffs MIKE SHALES, JOHN BRYAN, Sr., AL OROSZ, DAN BREJC, TOBY KOTH and VERN BAUMAN as Trustees of THE FOX VALLEY LABORERS' HEALTH and WELFARE FUND ("Welfare Fund") and MIKE SHALES, JOHN BRYAN Sr., AL OROSZ, TOBY KOTH, GORDON ANDERSON and DAN BREJC as Trustees of THE FOX VALLEY LABORERS' PENSION FUND ("Pension Fund") (collectively, "the Funds"), through their attorneys, Dowd, Bloch & Bennett, pursuant to Fed.R.Civ.P. 55(b)(2), respectfully move this court for entry of default, in the form of the attached proposed order against the Defendant MASONRY STRUCTURES, INC. (hereinafter the "Defendant Company"). In support of this motion, the Plaintiffs state as follows:

1. This is a claim against the Defendant for delinquent reports and contributions due to employee fringe benefit funds under Section 515 of ERISA, 29 U.S.C. §1145 and for delinquent union dues, industry fund contributions and a surety bond enforceable under Section 301 of the Labor-Management Relations Act, 29 U.S.C. §185.

2. The Funds filed its Complaint on March 4, 2008, seeking the following relief: (1) that the Defendant Company be ordered to pay to Plaintiffs all delinquent contributions to date, all accrued delinquencies prior to and after the filing of this lawsuit, interest and liquidated damages; (2) that the Defendant Company be ordered to pay to Plaintiffs all reasonable attorneys fees and costs incurred in pursuing collections; (3) that the Defendant Company be ordered to obtain and provide the Plaintiffs with a $5,000 bond in the form provided in Exhibit A to the Complaint or, in the alternative, to provide a payment to the Plaintiffs in the amount of $5,000 to be held as a cash bond; and (4) for such other legal and equitable relief as the Court deems just and proper.

3. The Defendant Company was served with a copy of the Complaint and Summons on March 19, 2008 and its Answer was due on April 8, 2008. The return of service affidavit was filed with the Clerk of the Court on March 24, 2008 and is attached as Exhibit "A."

4. As of the date that this Motion was filed, the Defendant Company had not filed an appearance or Answer or otherwise plead to the Complaint.

5. Notwithstanding its obligations under its collective bargaining agreement ("Agreement"), the Defendant Company has not remitted benefit reports, contributions, other sums owed to the Plaintiffs for the work months of October 2007 and continuing through the present. Additionally, the Defendant Company has not remitted its dues reports, dues or other

sums owed for the work month of February 2008 and continuing through the present to the District Council, for whom the Funds serve as collection agents.

6. As alleged in the Complaint, the Defendant Company has also incurred liquidated damages and interest for its untimely remittance of its August 2007 and September 2007 reports and contributions. Those liquidated damages and interest amounts remain unpaid.

7. By the aforementioned conduct, the Defendant Company has breached the Agreement in violation of LMRA Section 301, 29 U.S.C. 185 and violated ERISA Section 515.

8. Therefore, as set forth in the Complaint, the Defendant Company is liable to the Funds for all unpaid contributions, interest at a rate of 1% compounded monthly, liquidated damages in the amount of 20%, and reasonable attorneys' fees and court costs.

9. The Defendant Company is also liable for all unpaid dues, industry fund contributions and liquidated damages in the amount of 10%.

10. The Defendant Company must also post the $5,000 bond as required by its Agreement, which it has failed to do.

WHEREFORE, the reasons stated above, the Plaintiffs respectfully requests that this Court enter an order of Default against Defendant MASONRY STRUCTURES, INC., and order that it submit its completed and accurate work reports for the months of February 2008 to the present, post the $5,000 bond, and pay all amounts owed to the Plaintiffs including such amounts that may be revealed to be due for the unreported months, including contributions, dues, interest, liquidated damages and reasonable attorneys' fees and court costs, incurred prior to and after the

filing of this suit.

                                              Respectfully Submitted,

                                              /s/ LaKisha M. Kinsey-Sallis
                                              LaKisha M. Kinsey-Sallis
                                              One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
**DOWD, BLOCH & BENNETT**
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
312-372-1361